UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN MICHAEL BRAY,                                          03-1762-TC

Petitioner,

v.                                    AMENDED FINDINGS AND
                                                RECOMMENDATION
BRIAN E. BELLEQUE,

Respondent.

COFFIN, Magistrate Judge:

Petitioner John Michael Bray challenges his conviction of two counts of murder, two counts

of aggravated murder and three counts of kidnaping in the first degree. Petitioner is represented by

counsel in this 28 U.S.C. § 2254 habeas action. Shortly after I issued findings and recommendations

on respondent's motion to dismiss (#105), the parties requested clarification of my ruling on section

8 of petitioner's amended habeas petition.      Accordingly, I issue amended findings and

recommendations which address section 8 of petitioner's amended petition.

///

///

Page 1 - AMENDED FINDINGS AND RECOMMENDATION

## Background

Petitioner's convictions stem from the February 1991 kidnaping and murder of Georgia Dutton. Petitioner was represented by appointed counsel during his state court trial, and the case was tried to a jury in bifurcated proceedings–a guilt and a penalty phase.  During the guilt phase, the following evidence was introduced.

The state's witness William Steiner testified that he, petitioner, Dutton and Ed Haffey had been selling drugs together since late 1990.  Dutton had moved to Lincoln City due to problems between her and Haffey's methamphetamine cooking partner. Dutton continued to sell drugs with the three men after moving to Lincoln City. According to Steiner, petitioner worried that Dutton would become an informant and wanted to kill her. Petitioner shared his concerns with Haffey who eventually gave his approval to kill Dutton. Steiner testified that petitioner wanted Steiner to do the actual killing but that petitioner wanted to rape and torture Dutton before the murder.  Steiner stated that he and petitioner went to Lincoln City on February 29, 1991 with the intention of killing Dutton. To ensure that Dutton would go with petitioner and Steiner, Haffey called her beforehand to tell her that the two men would pick her up and drive her to see Haffey.

Steiner testified that he and petitioner picked up Dutton as planned, pulled onto a road off the highway and sexually assaulted Dutton.  Shortly after the sexual assault, Steiner grabbed Dutton's head and jerked hard, causing her to become unconscious.  Steiner then held his arm on Dutton's throat until she stopped breathing. Then, he tied her pantyhose around her neck. Steiner stated that petitioner watched him strangle Dutton and told Steiner that he was proud of what Steiner had done. Steiner and petitioner rolled Dutton's body into garbage bags and drove back to Salem. Along the way they threw Dutton's clothing and jewelry out along the road and threw Dutton's body

Page 2 - AMENDED FINDINGS AND RECOMMENDATION

off a bridge outside Roseburg. Haffey and a third witness testified and largely corroborated Steiner's version of events.

Petitioner's testimony differed. Although he admitted that he was involved in selling drugs with Steiner, Haffey and Dutton, petitioner stated that Steiner had a violent side that was exacerbated by drugs and alcohol. Petitioner testified that it was his intention to take Dutton to see Haffey and that he only turned off the highway when Dutton changed her mind about wanting to see Haffey and started becoming intimate with Steiner. Petitioner stated he stopped driving when he saw Steiner twisting Dutton's neck and tried to resuscitate her to no avail. Petitioner stated that after Dutton was killed, he continued driving towards Salem. Steiner threw Dutton's items out along the way, but petitioner stated he never helped. Petitioner stated he wanted Steiner to dump Dutton's body by the bridge beside the Winchester Store in Roseburg, but Steiner refused. Thus, the two continued to another bridge where Steiner threw Dutton's body into the river. Petitioner testified he had nothing to do with Dutton's murder other than being there and covering it up afterwards.

At the conclusion of the guilt phase, the jury found petitioner guilty of two counts of murder, two counts of aggravated murder and three counts of kidnaping but acquitted him on the rape and sodomy charges. In the penalty phase, the jury declined to impose a death sentence and found that petitioner should not be eligible for parole. At the February 1994 sentencing hearing, the judge merged the murder convictions with the aggravated murder convictions. On the aggravated murder convictions, the judge sentenced petitioner to life in prison without the possibility of parole. On the kidnaping counts, the judge sentenced petitioner to concurrent 110 month prison sentences to be served consecutively to the aggravated murder life sentence.

Petitioner was appointed an attorney and appealed the Polk County criminal judgment to the

Page 3 - AMENDED FINDINGS AND RECOMMENDATION

Oregon Court of Appeals. His attorney filed a brief pursuant to State v. Balfour which sets forth the procedure to be followed by appointed counsel who conclude that a case presents no none-frivolous issues for appeal. Id. 311 Or. 434, 451-52 (1991). In keeping with Balfour, petitioner's attorney drafted Section A of the appeal which consisted largely of the facts. (#35, ex. 103). Petitioner drafted Section B of the appeal which raised twenty-two assignments of error. The Court of Appeals affirmed petitioner's conviction without opinion on August 30, 1995. (#35, ex. 107). Petitioner's counsel filed a petition for review in the Oregon Supreme Court which was also drafted pursuant to Balfour. The Oregon Supreme Court denied review without opinion on November 21, 1995. Petitioner did not seek review from the United States Supreme Court and his conviction became final on February 19, 1996.

On November 26, 1995, petitioner signed a pro se petition for post-conviction relief which was filed in the Marion County Circuit Court. (#35, ex. 122). Petitioner subsequently retained an attorney to represent him in his state post-conviction proceedings. On May 6, 1998, petitioner's attorney filed a First Amended Petition for post-conviction relief). (#35, ex. 108). The amended petition claimed that petitioner's conviction was constitutionally deficient because he was denied his federal and state constitutional rights to: (1) effective assistance of trial counsel; (2) effective assistance of appellate counsel; (3) a fair trial without error; (4) a fair and effective appellate review; and (5) a trial free from prosecutorial misconduct. Petitioner also argued that numerous instances of prosecutorial misconduct violated ORS 138.530 which sets forth when the court must grant post-conviction relief. (Id.)

The State of Oregon moved to strike the claims in petitioner's amended complaint related to: (1) ineffective assistance of counsel; (2) trial court error; (3) denial of fair and effective appellate

Page 4 - AMENDED FINDINGS AND RECOMMENDATION

review; (4) prosecutorial misconduct as shown by new evidence; and (5) prosecutorial misconduct. (#35, ex. 132). The state argued that these claims were either deficiently pled for failing to allege ultimate facts or not cognizable in post-conviction proceedings under the Oregon Supreme Court's decision in Palmer v. State of Oregon (Palmer II) which held that post-conviction relief is not available on any claim that could have been raised at the trial court level, but was not, unless ineffective assistance of counsel caused the failure. Id. 318 Or. 352 (1994). The Marion County Circuit Court granted the state's motion and struck all petitioner's claims except for the ineffective assistance of trial counsel claims.

The Marion County Circuit Court tried the ineffective assistance of counsel claims in September 1999. At the trial's conclusion, the court allowed further briefing by the parties before taking the matter under advisement. On August 3, 2000, the court issued a letter ruling denying petitioner's ineffective assistance of counsel claims, citing the reasoning set forth in the state's trial memorandum. (#35, ex. 129). The court directed the state to submit proposed findings of fact and conclusions of law. The trial judge signed the state's submitted proposed findings of fact and conclusions of law and signed a judgment denying petitioner's amended petition and dismissing the action. (#35, exs. 130, 131).

Petitioner appealed the denial to the Oregon Court of Appeals. He was represented by counsel, and his counsel argued that the trial court erred in striking petitioner's claims alleging ineffective assistance of appellate counsel and his claims of prosecutorial misconduct insofar as those claims alleged Brady violations. Petitioner's counsel also assigned error to the court's denial of the merits of petitioner's ineffective assistance of trial counsel claims. The Court of Appeals affirmed the trial court's judgment without opinion on June 26, 2003. (#35, ex. 137). Petitioner

Page 5 - AMENDED FINDINGS AND RECOMMENDATION

subsequently sought review by the Oregon Supreme Court of all the issues he raised to the Court of Appeals: specifically whether the trail court erred in granting the state's motion to strike and in denying his ineffective assistance of trial counsel claims. (#35, ex. 135). The Oregon Supreme Court denied review without an opinion on November 18, 2003 and the appellate judgment took effect on December 23, 2003.

Petitioner filed a pro se habeas petition on December 24, 2003[1] along with a motion for appointment of counsel. I appointed counsel and, after several extensions of time, counsel filed an amended petition on September 5, 2006. (#18). The amended petition asserts that petitioner is entitled to relief due to: (1) trial court errors that resulted in a denial of due process; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) denial of due process as established by newly discovered evidence; (5) prosecutorial misconduct which resulted in a denial of due process; and (6) denial of adequate collateral review of the underlying criminal conviction which resulted in denial of due process. I subsequently granted several requests (from both parties) for modifications to the scheduling order and for extensions of time. (See e.g., #s 32, 34, 42. 43, 45-52, 67-71). On September 7, 2010, after repeated warnings about extensions of time, I removed Bray's counsel. (#72). Todd Grover is now petitioner's counsel of record. (#76).

I held a status conference in April 2011. In an effort to move this matter forward, focus the legal issues and promote efficiency, I suggested that, instead of petitioner filing a "responsive pleading," respondent would file a motion to dismiss in response to the amended petition. The motion to dismiss would address procedural bars to claims in petitioner's amended petition. The

---

[1]As the docket reflects, the petition was filed on December 19, 2003. I, however, granted the parties joint motion to deem the petition dismissed and refiled as of December 24, 2003. (#'s22, 23).

parties agreed to proceed in this manner. (#89). Respondent filed a motion to dismiss (#90) all the claims located in sections 5, 7, 8, 9 and 10 of petitioner's habeas petition as well as the claims in section 6 with the exception of claims 6(a),(c),(k), and (m), which respondent concedes were fairly presented to the state courts. For the reasons set forth below, I recommend that this court grant the motion to dismiss in part.

## Legal Standard

A petitioner seeking habeas relief under 28 U.S.C.§ 2254 must establish that he has exhausted his remedies in state court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In other words, a petitioner must give the state courts a full and fair opportunity to consider and resolve his federal claims before raising them in federal court. Park v. Cal, 202 F.3d 1146, 1150 (9th Cir. 2000). A claim is fully presented in state court when it informs the state court of the facts and legal theory upon which the claim rests. Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005). This Circuit requires that a petitioner explicitly state the basis for his federal claim either by citing to specific provisions of the federal constitution or statutes or by citing federal case law. Id. at 668; see also, Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (stating that, when the petitioner failed to cite to federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

In most circumstances, a petitioner who fails to exhaust his claims in state court forfeits his right to present his claims in a federal habeas proceeding. Park, 202 F.3d at 1150. If a state court considers and expressly rejects a federal claim on the basis of a state rule that is independent of the federal question and adequate to support the judgment, then the claim is procedurally defaulted. Coleman, 501 U.S. at 729-30. Federal courts are barred from considering procedurally defaulted

Page 7 - AMENDED FINDINGS AND RECOMMENDATION

claims unless the petitioner establishes cause for the procedural default and actual prejudice or establishes that failing to consider the claims will result in a miscarriage of justice. Id. at 750.

**Discussion**

I.      **Deficiency[2] of Section 5 (Trial Court Error), Section 6 (Due Process) and Section 8 (Newly Discovered Evidence) Claims for Failure to Exhaust Claims on Direct Appeal and in State Post-Conviction Proceedings**

In section 5 of his amended habeas petition, petitioner argues that he was deprived of the due process guaranteed him under the Fourteenth Amendment by numerous trial court errors. (#18 at 3-5). Respondent contends that all petitioner's section 5 claims are procedurally deficient because petitioner's state court filings in support of his direct appeal did not specifically reference the due process clause or federal case law interpreting the due process clause and, therefore, these claims were not fully presented to the state court. Respondent also argues that the claims in section 5(a) and (r) are deficient because petitioner did not present them to the state court in his post-conviction proceedings.

Petitioner asserts that this court should not dismiss his trial court claims until the parties have fully briefed the merits of the related ineffective assistance of counsel claims so that this court may determine whether trial or appellate counsel's ineffective assistance constitutes "cause and prejudice" sufficient to excuse default (if any) of the trial court error claims. Respondent does not object to this court reserving its ruling on trial court error claims 5(l) and (u) because respondent

---

[2]Respondent's motion argues that petitioner's claims are both procedurally deficient and procedurally defaulted. The former indicates a claim that was not presented to the state's highest court in a manner that gave the court a fair chance to correct the constitutional violation. The latter represents a claim properly presented to the state's highest court where relief on the merits is barred for procedural reasons, e.g. time barred or should have been raised on direct appeal. Only a procedurally deficient claim is unexhausted.

Page 8 - AMENDED FINDINGS AND RECOMMENDATION

agrees that petitioner has exhausted his ineffective assistance of counsel claims (claims 6(a) and (k)) that relate to those two trial court error claims. (#99 at 2 n. 1, 19). Because the parties agree that these two claims can move forward, I recommend, without any analysis of the application of the doctrines governing procedural default and exhaustion, that this court reserve ruling on claims 5(l) and (u) until the parties have fully briefed the related ineffective assistance of counsel claims.

## A.    Section 5 Claims Deficient for Failure to Fairly Present the Claims on Direct Appeal Due to No Mention of Federal Constitutional Violation

As noted above, petitioner submitted bifurcated briefs to the Oregon Court of Appeals and Oregon Supreme Court under Balfour, meaning petitioner drafted the legal argument section of both briefs. (#35, ex. 103, 105). In many of his trial court error claims in his direct appeal to the Oregon Appellate Courts, petitioner made no reference to a federal constitutional violation. For example, in claim I in his brief to the Court of Appeals, petitioner contended that the trial court erred in allowing handcuffs to be seen. Petitioner set forth the relevant exchange from the transcript and argued:

The court never made any attempt to determine if the jury had seen the handcuffs or not. The court even left the issue to be questioned by the court's own opinion that the jury was just as likely to associate those restraints with Mr. Haffey, who was an in-custody witness. The court erred in not determining if the jury saw the handcuffs and plastic restraints and in not trying to determine that if the jury did see them, whether they associated them with the defendant instead of Mr. Haffey.

(#35, ex. 103 at 13-14). Petitioner's "handcuff" claim in his brief to the Oregon Supreme Court, which was also submitted according to the bifurcation process set forth in Balfour, likewise made no mention of a federal constitutional violation and argued:

The trial court erred by allowing the jury to see handcuffs. Petitioner proposes that this court establish a rule that the jury should not be allowed to see handcuffs when a defendant is in custody.

Page 9 - AMENDED FINDINGS AND RECOMMENDATION

(#35, ex. 105 at Section B p. 1). This Circuit has been clear that to fairly present a federal claim to a state court a petitioner must explicitly state the federal claim; general references to violation of the federal constitution or federal statutes lack the required specificity and explicitness. Lyons v. Crawford, 232 F.3d 666, 668, 670 (9th Cir. 2000) (amended by 247 F.3d 904 (9th Cir. 2001).

    Several of petitioner's trial court error claims in his direct appeal—claims I-III and V-XI, failed to assert any violation of federal law and neither referred to specific provisions of the federal constitution nor cite to federal case law. Nowhere in these claims did petitioner suggest or allude to the fact that the trial court violated his federal constitutional rights. Instead, as in the "handcuffs" claim quoted above, petitioner set forth a conclusory argument that the trail court erred. He did not argue that the trial court's errors amounted to a due process violation or deprived him of a right to a fair trial under the Fourteenth Amendment, as he now avers. Petitioner's argument that his references to constitutional error in other claims of trial court error were sufficient to put the Oregon Appellate Courts on notice that he was raising federal due process claims in all his trial court error claims is not persuasive. A petitioner must explicitly state his federal claim to a state court even if the basis for the federal claim is "self-evident." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir.1999). As petitioner did not fairly present these trial court errors to the Oregon Appellate Courts, I find that the corresponding trial court error claims in section 5 of his amended petition—claims 5(a), (b), (c), (e), (f), (g), (h), (i), (j), (k), (w), and (x), were not fairly presented to the state court on direct appeal.[3]

///

_____

    [3]Petitioner appears to concede that some claims raised in the direct appeal briefing contained no reference to a federal due process right to a fair trial and those claims now appear in petitioner's amended petition as 5(a), (b), (c), (e), (f), (g), (h), (i),(j), (k), and (l). Petitioner argues, however, that petitioner fairly presented these claims to the state court in his post-conviction proceedings. I address this argument below in section II. (#104 at 2-3).

Page 10 - AMENDED FINDINGS AND RECOMMENDATION

**B.    Section 5(a) and (r) Claims Deficient for Failure to Exhaust in Post-Conviction Proceedings**

Respondent further argues that claims 5(a) and (r) are not exhausted because petitioner failed to raise them in his state post-conviction action. Petitioner argues that 5(a) and (r) were included in the content of his post-conviction claim 11(1). A claim is substantially equivalent when "[t]he petitioner has presented the state court with the issue's factual and legal basis." Lopez v. Dora, 491 F.3d 1029, 1040 (9th Cir. 2007). Petitioner's state post-conviction claim 11(1) argued that his imprisonment violated Oregon law and the federal constitution because the trial court:

> Failed to limit and exclude the introduction of evidence presented by the prosecution that was legally inadmissible, not relevant to either phase of Petitioner's Aggravated Murder trial and unduly prejudicial to the Petitioner's right to a fair trial under the provisions of the U.S. and State of Oregon Constitutions.

(#35, ex. 108 at 7). Claim 5(a) in his federal amended habeas petition alleges a due process violation stemming from the trial court erroneously allowing jurors to observe petitioner wearing handcuffs during the trial and/or not determining whether the jurors could see petitioner's handcuffs. (#18 at 3). Claim 5(r) alleges a violation of due process stemming from the trial court's denial of petitioner's motion for mistrial on the basis that one of the state's witnesses had committed misconduct by communicating with the jury. (Id. at 4). Neither of these two claims has a factual basis in the trial court's failure to limit and exclude allegedly inadmissible evidence presented by the prosecution. Petitioner did not present the factual and legal basis raised in claims 5(a) and (r) to the state courts in his post-conviction proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971) (the exhaustion doctrine would serve no purpose "if it could be satisfied by raising one claim in the state courts and another in the federal courts.") Because petitioner he did not fairly present claims 5(a) and (r) to the state court either in his direct appeal (as discussed above) or in his state post-

conviction proceedings, he has not exhausted these claims. Thus, they cannot be considered in this federal habeas proceeding and I recommend dismissal.

## C.     Section 5 Claims Deficient for Failure to Fairly Present the Claims on Direct Appeal Due to General Mention of Federal Constitutional Violation

Some of petitioner's trial court error claims in his direct appeal did, however, reference his constitutional right to a fair trial–claims IV, XII-XX, and XXII. For example in claim IV, petitioner argued that the trial court erred by not declaring a mistrial after the prosecution played an unedited recording of petitioner speaking with a detective, violated petitioner's Fifth Amendment rights when it denied defense requests to replay part of the tape outside the jury's presence for clarification purposes and further erred by refusing the jury's request to have a copy of the tape during deliberations. He stated that:

> The court erred in not granting a mistrial concerning these issues, prejudiced the defense case, violated the defendant's constitutional right to exercise his 5th Amendment rights, and violated his constitutional rights to a fair trial. The court also allowed clearly inadmissible evidence to be presented to the jury in the courtroom which is in violation of the evidence rules and laws both in Oregon and the United States Federal Courts.

(#35, ex. 103 at 25-26). Like the claim quoted above, petitioner's other claims that mention a constitutional violation only generally reference a violation of petitioner's constitutional right to a fair trial. (See e.g., #35, ex. 103 at 26, 50, 54, 60, 63, 66, 69, 72 74, 80, and 82-83). Petitioner's reference to his constitutional rights in these claims on direct appeal to the Oregon Supreme Court were similarly broad, asserting violations of his right to a fair trail. (See e.g., #35, ex. 105 at 10, 20, 21, 24, 25, 27, 29-30, 33, and 34). The Supreme Court has stated that it is not enough to "make a general appeal [to a broad constitutional right] to present the substance of such a claim to a state court." Gray v. Netherland, 518 U.S. 152, 163 (1996). Thus, petitioner's references to violation of

Page 12 - AMENDED FINDINGS AND RECOMMENDATION

his "right to a fair trial" was insufficient to fairly present his federal claim to the Oregon Appellate Courts.[4] Shumway v. Payne, 223 F .3d 982, 987-88 (9th Cir.2000) (broad reference to "due process" is insufficient to present federal claim).

I am not persuaded by petitioner's attempts to distinguish his petition from the Shumway case. Petitioner argues that unlike Shumway, he provided the state courts with more than a "naked assertion" that he was denied due process or a fair trial because he spelled out the factual and legal bases for his federal claims. Petitioner also asserts that the Oregon appellate courts should have been "on notice" that petitioner was referring to a federal due process claim because it is widely known that the Fourteenth Amendment guarantees criminal defendants a fair trail and because Oregon's constitution contains no similar guarantee. To exhaust state remedies, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee as well as a statement of the facts that entitle petitioner to relief." Gray, 518 U.S. at 163-64 (emphasis added); see also, Castillo v. McFadden, 399 F.3d 993, 1002 (9th Cir. 2005) (holding that exhaustion requires more than citation to a general constitutional provision detached from any articulation of the underlying factual legal theory); Fields v. Washington, 401 F.3d 1018, 1021 (9th Cir. 2005) (stating that the mere mention of the federal constitution without specifying an applicable provision or an underlying factual legal theory will not suffice to exhaust the federal claim). Claims that require the state court to read beyond the pleadings to discover the federal claim are not fairly presented. Baldwin v. Reese, 541 U.S. 27, 31-33 (2004) (stating that a reference to ineffective assistance of

---

[4]I observe that petitioner cites to the "Batson line of cases" in his state court briefing. This citation, however, arguably refers to the equal protection violation discussed in Batson v. Kentucky, 476 U.S. 79 (1986) and did not support or explain the Fourteenth Amendment due process basis of his claims to the appellate courts.

counsel did not alert the Oregon Supreme Court to the federal nature of the claim). Petitioner's general reference to a violation of his right to a fair trial was detached from any underlying federal legal theory.

Moreover, when examining petitioner's general assertion that he was denied a fair trial, the Oregon appellate courts would have had to read beyond the pleadings to discover his federal claim. Specifically, as petitioner points out, the courts would have had to assume that petitioner referred to the Fourteenth Amendment's due process clause because it is widely known throughout the legal community that this guarantees defendants a fair trial and the courts would have had to assume that because Oregon's constitution contains no similar guarantee that petitioner referred to the federal constitution. In short, such conclusions would have required the state court to read outside the "four corners" of petitioner's briefing. Castillo v. McFadden, 339 F.3d 993, 1000 (9th Cir. 2005). I find that the trial court error claims in section 5 of petitioner's amended petition that correspond to the claims on direct appeal that made general reference to a constitutional violation–claims 5 (d), (m), (n), (o), (p), (q), (r), (s), (t), and (v), were not fairly presented to the state court on direct appeal.

## D.    Section 5 Claims Deficient for Failure to Exhaust During Post-Conviction Proceedings

Respondent argues that petitioner's twenty-four claims of trial court error in Section 5 of his amended federal habeas petition are deficient because petitioner never raised them to the Oregon Supreme Court. As discussed more fully below, the state moved to strike petitioner's trial court error, newly discovered evidence and prosecutorial misconduct claims from his amended post-conviction petition for violation of a state procedural rule. The court granted the state's motion. (#35, exs. 132, 138). Petitioner did not appeal the imposition of the procedural bar to his trial court

error claims to the appellate courts; however, he did appeal the imposition of the bar to his prosecutorial misconduct claims. (Id., exs. 132,135). Petitioner concedes that he did not challenge the procedural bar to his trial court error claims in the state appellate courts. He argues that this failure does not bar federal habeas review because it would have been futile due to the Oregon Court of Appeals's consistent application of the procedural rule after it was announced by the Oregon Supreme Court in 1994 to affirm dismissal of post-conviction claims that could have been raised at trial following. (#104 at 14-15).

To properly exhaust a federal habeas claim, a petitioner must properly raise it in "each appropriate state court." Reese v. Baldwin, 282 F.3d 1184 (9th Cir. 2002), rev'd on other grounds by, Baldwin v. Reese, 541 U.S. 27 (2004). A petitioner is excused from exhaustion if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). This Circuit has indicated that the exhaustion requirement is excused when a resort to state remedies would be futile. Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Application of the futility doctrine is most compelling where the question is one of pure law and the circumstances of an individual case are largely irrelevant. Noltie v. Peterson, 9 F.3d 802, 806 (1993). I observe, however, that the futility doctrine does not find support in Supreme Court precedent. In Engle v. Isaac, the Court criticized futility as an excuse for failing to exhaust, stating: [A petitioner] may not bypass the state courts simply because he thinks that they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon further reflection, that the contention is valid." Engle 456 U.S. 107, 130 (1982).

I find that petitioner failed to exhaust his post-conviction proceeding trial court error claim

Page 15 - AMENDED FINDINGS AND RECOMMENDATION

because he failed to present these claims to the appellate courts. The fact that petitioner had a right

to raise the trial court error claims on review by the state appellate courts was sufficient to require

presentation of that claim to exhaust. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999).

Petitioner's contention that he failed to appeal the procedural bar imposed on the trial court error

claims because appeal would have been futile is not persuasive in light of petitioner's appeal of his

prosecutorial misconduct claims, which the court also ruled were procedurally barred under the same

rule. I find that petitioner did not exhaust his trial court error claims in section 5 in either appellate

or post-conviction proceedings.

**E.      Section 8 Claims Deficient for Failure to Exhaust During Post-Conviction
         Proceedings**

Respondent claims that, like the section 5 claims discussed above, petitioner's newly

discovered evidence claims in section 8 of his amended habeas petition are deficient because

petitioner never raised them to the Oregon Supreme Court. The newly discovered evidence claims

were among the three claims that the state moved to strike from petitioner's amended post-

conviction petition. Specifically, the state moved to strike petitioner's new evidence under rules

announced in Howell v. Gladden, 247 Or. 138, 142 (1967) (post-conviction relief is not intended to

provide a second trial of every criminal case) and Anderson v. Gladden, 234 Or. 614 (1963) (post-

conviction does not provide relief from a conviction resulting from mistake of fact, where proof of

the jury's mistake must rest on the credibility of newly discovered evidence). As noted above, the

court granted the motion to strike. (#100; #35 ex. 132, 138). Petitioner did not appeal the imposition

of the procedural bars announced in Howell and Anderson to his newly discovered evidence claims

to either the Oregon Court of Appeals or the Oregon Supreme Court. As noted above, he did

Page 16 - AMENDED FINDINGS AND RECOMMENDATION

however appeal the imposition of the procedural bar to his prosecutorial misconduct claims. (#35, ex. 132, 135). Petitioner concedes that he did not appeal the post-conviction trial court's order striking his newly discovered evidence claims, but argues that this failure does not bar federal habeas review of this claim because appealing the imposition of the procedural bar would have been futile. (#104 at 14-15).

Exhaustion requires that a habeas petitioner "fairly present" his federal claims to each appropriate state court. Baldwin, 541 U.S. at 29. As noted above, this Circuit excuses the exhaustion requirement when a resort to state court remedies would be futile. Sweet, 640 F.2d at 236-37. Here, I find that petitioner failed to exhaust his newly discovered evidence claim because he did not present it to Oregon's appellate courts and his failure to exhaust is not excused by futility. The fact that petitioner had a right to raise his newly discovered evidence claim on appeal was sufficient to require presentation of the claim for exhaustion. O'Sullivan, 526 U.S. at 845-47. Moreover, in his briefing in opposition to the current motion to dismiss, petitioner appears to argue[5] that it would have been futile to raise his newly discovered evidence claim on appeal due to the state appellate courts application of the Palmer II rule.[6] The Palmer II rule had no bearing, however, on the state's motion to strike petitioner's newly discovered evidence claims from his amended post-

---

[5]In his Sur-Response petitioner states that he attempted to present the "majority of his due process claims" in his post-conviction proceedings, but was prevented from doing do due to the post-conviction trial court granting the "State's motion to strike the claims." (#104 at 7). Petitioner then goes on to discuss his arguments relevant to the stricken claims, including the futility discussion on pages 13-15. It appears that this argument applies to all the claims stricken from his amended post-conviction petition, including the newly discovered evidence claim. However, even if it does not, petitioner has not set forth any reason why it would have been futile to appeal the post-conviction trial court's order striking his newly discovered evidence claim.

[6]The Palmer II rule is discussed more fully in the procedural default section below.

Page 17 - AMENDED FINDINGS AND RECOMMENDATION

conviction petition. The state's motion to strike petitioner's newly discovered evidence claim did not mention Palmer I or Palmer II. (#100 at 4-5). Accordingly, it is unlikely that the state appellate courts would have applied the Palmer II rule if petitioner had appealed the post-conviction trial court's order striking the newly discovered evidence claims. I find petitioner did not exhaust his newly discovered error claims in section 8 of his amended habeas petition.

## F.    Section 6(b), (d), (e), (f), (g), (h), (i),(j), (l), and (n) Deficient for Failure to Exhaust

Section 6 of petitioner's amended petition raises fourteen claims of ineffective assistance of trial counsel. Respondent argues that ten of these claims are procedurally deficient–all claims except 6(a), (c), (k), and (m), because petitioner failed to exhaust them in state court. Petitioner concedes that he failed to raise the ten claims at issue to Oregon's appellate courts, but argues that these claims should not be dismissed until United States Supreme Court's decides Martinez v. Ryan, 131 S.Ct. 2960 (2011). Specifically, petitioner asserts that his post-conviction appellate counsel was ineffective, thus resulting in the failure to exhaust ten of his ineffective assistance of trial counsel claims. (#94 at 27).

Petitioner's argument fails. The Supreme Court granted certiorari in Martinez to resolve the following issue: "Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first-post conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim." Martinez v. Ryan, 2011 WL 380903, available at http://www.supremecourt.gov/qp/10-01001qp.pdf. Thus, a decision in Martinez will determine

whether there is a constitutional right to effective first-post conviction counsel, meaning post-conviction <u>trial</u> counsel. Thus, the decision in <u>Martinez</u> will not affect the rule that there is no constitutional right to effective assistance of post-conviction <u>appellate</u> counsel and that the ineffectiveness of such counsel does not excuse procedural deficiencies. <u>Colman</u>, 501 U.S. at 752. Accordingly, I find that claims 6(b), (d), (e), (f), (g), (h), (i),(j), (l), and (n) are not exhausted.

## II.    Procedural Default on Ineffective Assistance of Appellate Counsel (section 7) and Prosecutorial Misconduct (section 9) Claims

### A.    Procedural Default Generally

As briefly noted above, the procedural default doctrine provides that when a petitioner has defaulted a claim by violating a state procedural rule which would constitute independent and adequate reason to bar direct review in the United States Supreme Court he may not raise the claim in federal habeas proceedings unless he establishes cause and prejudice or actual innocence. <u>Coleman</u>, 501 U.S. at 729-30. The application of the independent and adequate state law grounds doctrine rests in concerns about federalism. <u>Id.</u> at 731-32. Without that rule, federal courts would be able to do in habeas what the United States Supreme Court could not do on direct review. Habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the United State Supreme Court's jurisdiction and a means to undermine the state's interest in enforcing its laws. <u>Id.</u>; <u>see also</u>, <u>Lambrix v. Singletary</u>, 520 U.S. 518, 525 (1997) (explaining that a state's procedural rules are "of vital importance to the orderly administration of its criminal courts; when a federal court permits them to be readily evaded, it undermines the criminal justice system.")

///

**B.    Section 9 Claims**

Respondent argues that section several of petitioner's section 5 claims and all of his sections 8 and 9 claims are procedurally defaulted because the state court applied an independent and adequate state procedural rule in denying these claims in petitioner's post-conviction proceedings. Petitioner counters that rule applied by the state court was not adequate and independent because it was neither clear nor consistently applied at the time of petitioner's trial. The determination of whether a state procedural rule is adequate is a determination of federal law. Lee v. Kemna, 534 U.S. 362, 375 (2002). To be adequate, the state procedural rule must have been sufficiently clear at the time of default to put petitioner on notice of what conduct was required. Anderson v. Morrow, 371 F.3d 1027, 1031 (9th Cir. 2004). Where there is reason for confusion or uncertainty with respect to the state procedures, a procedural default may be inadequate to bar federal habeas review. Ford v. Georgia, 498 U.S. 411, 423 (1991). State procedural rules not established until after the petitioner has defaulted on his federal claims in state court do not satisfy the firmly established requirement. Anderson, 371 F.3d at 1031 (noting the purported default occurred before the state supreme court established the procedural rule).

On February 25, 1994, the Oregon Supreme Court decided Palmer v. State of Oregon (Palmer II), holding that post-conviction relief is not available on any claim that could reasonably have been raised at the trial court level but was not, unless the failure stemmed from ineffective assistance of trial counsel. Id. 318 Or. 352, 354 (1995). Petitioner's trial was held in January and February of 1994. He was sentenced on February 24, 1994, the day before Palmer II was decided. (#35, ex. 101). After petitioner filed his state post-conviction petition, the state moved to strike his claims of trial

court error[7] and prosecutorial misconduct under the holding in Palmer II and under ORS 138.550(2). (#35 ex. 138 at 3; #100). The court granted the state's motion to strike, stating "the motion is well taken." (#35, ex. 132 at 18). Petitioner argues that, under the reasoning in Anderson, the rule set forth in Palmer II on the day after he was sentenced is not an adequate and independent ground for precluding consideration of these claims in his federal habeas petition. Respondent contends that the rule of Palmer II—that a defendant could not raise an issue during post-conviction proceedings that he did not raise at trial, had been clearly and consistently applied since the Oregon Supreme Court issued a decision similar to Palmer II in North v. Cupp, 254 Or. 451 (1969).

I agree with petitioner. As petitioner asserts, the Ninth Circuit's holding in Anderson is applicable here. Id. 371 F.3d at 1031. During petitioner's January and February 1994 trial, the Oregon Court of Appeal's decision in Palmer v. State of Oregon (Palmer I), which stated that the availability of post-conviction relief is not affected by the failure to raise an issue during trial, governed. Id. 121 Or. App. 377, 382 (1993). "The holding in Palmer I indicates that the rule [set forth in Palmer II and Cupp] was not clear or consistently applied." Anderson, 371 F.3d at 1031. While the Cupp court had issued a ruling similar to Palmer II, that holding "was unevenly applied." Id.

Respondent urges me to find that, even if Palmer II, was not clearly and consistently applied during petitioner's trial, it was an adequate procedural bar at the time of he filed his habeas petition and thus, forecloses federal review of petitioner's trial court error and prosecutorial misconduct claims. In other words, respondent argues that it was when petitioner tried to raise his "unpreserved

---

[7]In section I above, I determined that petitioner failed to exhaust his trial court error claims in both his appellate and post-conviction proceedings. Thus, whether the trial court error claims were procedurally defaulted during habeas proceedings is not relevant.

claims" in his post-conviction proceedings that the default occurred because under the rule of Palmer II, petitioner should have raised these claims as ineffective assistance of counsel claims. Respondent's argument fails. This Circuit has ruled that a procedural default happens at the time the petitioner fails to take some action mandated by the state procedural rule for proper presentation of a claim. Valerio v. Crawford, 306 F.3d 742 (9th Cir. 2002). Under the Palmer II rule, post-conviction relief is not available on any claim that could have reasonably been raised during trial but was not, unless the failure was due to counsel's ineffective assistance. Thus, under the Palmer II rule, a state post-conviction claim is defaulted if, during the trial court proceedings, a petitioner fails to raise a claim that he could have reasonably raised. Valerio, 306 F.3d at 776.

Accordingly, I find that at the time of petitioner's trial the rule in Palmer II was not clearly and consistently applied. Thus, it is not an independent and adequate bar to federal review of petitioner's prosecutorial misconduct claims.

Respondent argues that petitioner's claims in 9(3), (4), (8), (9), (10), (11), (19), (20), and (73) were not properly raised during the post-conviction proceedings under the rule established in Palmer I–petitioners may raise only unpreserved claims of trial court error in post-conviction proceedings. This argument fails. This Circuit has held that a "procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review." Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996). A procedural default may occur if the state court actually imposes a procedural bar. It is not enough that the state court could (or should) have imposed a default under state law; it must actually have done so. Caldwell v. Mississippi, 472 U.S. 320, 327 (1985); Inthavong v. Lamarque, 420 F.3d 1055 (9th Cir. 2005). Here, the state moved to strike based on Palmer II and ORS 138.550(2), and the court granted

Page 22 - AMENDED FINDINGS AND RECOMMENDATION

the motion, providing no reasoning except a statement that the "motion is well taken." Based on this, it is apparent that the state court did not impose the procedural bar set forth in Palmer I. Accordingly, I find that Palmer I cannot preclude federal review of petitioner's claims.

Next, respondent claims that petitioner's prosecutorial misconduct claims are defaulted because the state court rejected them under the independent and adequate state law ground of failure to state a claim under ORCP 18A. Review of the motion to strike and the court's subsequent ruling does not support respondent's contention. The state's motion to strike argued that the court should strike the prosecutorial misconduct claims under Palmer II and, "if the court does not strike the claims under Palmer, at the very least petitioner should be required to [specifically identify the alleged prosecutorial misconduct with citations to the transcript page and line numbers]." (#35, ex. 132 at 7). The state went on to argue that the claims should be stricken in their entirety because they are "barred by Palmer, and, because, even if true, the allegations do not state a claim for relief." (Id. at 8). As noted above, the court granted the motion to strike because it was "well taken." The court's order does not indicate whether it granted the motion to strike based on the Palmer II rule or the alleged failure to state a claim for prosecutorial misconduct upon which relief could be granted. In short, it is not clear whether the court imposed default based on a clearly established state rule of law–the failure to state a claim of relief, or on the rule in Palmer II which was not clearly and consistently applied. Morales, 85 F.3d at 1392. Accordingly, I cannot find that petitioner's prosecutorial misconduct claims are not defaulted under ORCP 18A.

## C.    Section 7 Claims

Section 7 of petitioner's amended habeas petitioner alleged that petition was denied his Fourteenth Amendment right to due process of law when his appellate counsel on direct appeal

Page 23 - AMENDED FINDINGS AND RECOMMENDATION

provided him ineffective assistance of counsel. (#18 at 6). Specifically, petitioner contends that his

counsel failed to prepare and file a brief asserting the error of the trial court described in section 5

of his amended habeas petition. (Id.) Respondent contends that the claim is procedurally defaulted.

Petitioner counters that the claim is not defaulted because the state court did not strike the claims

pursuant to independent and adequate state grounds.

Petitioner raised this claim in his first amended post-conviction petition as claims 9(1), (2),

(5), (7), (8), (9), and (10). (#35, ex. 108 at 6-7). The state moved to strike these claims asserting that

these claims "...are conclusions of law, not allegations of ultimate facts sufficient to constitute a

claim for relief [under ORCP 21A(8)." (#100 at 2). The state further argued that petitioner did not

comply with ORS 138.50 and "set forth specifically the grounds upon which relief is claimed" and

that some of petitioner's ineffective assistance claims were frivolous. (Id.). The court granted the

motion to strike stating: the state's motion is "well taken." (#35, ex. 132). Petitioner appealed the

imposition of the procedural bar and the Oregon Court of Appeals affirmed the imposition and the

Oregon Supreme Court denied review. (#35, ex. 136, 137).

Like the ruling on the prosecutorial misconduct claim, the state did not provide any reasoning

for its decision to strike the ineffective assistance of appellate counsel claims. With regard to this

claim, however, both state court grounds–ORCP 21A(8) and ORS 138.580, were clearly established.

Thus, the state court's decision with regard to the ineffective assistance of counsel claim clearly rests

on independent and adequate state law grounds. Morales, 85 F.3d at 1392. Petitioner further argues

that the post-conviction proceeding did succinctly set forth the factual and legal theories underlying

his claims and that the state court failed to explain why his efforts were insufficient. A petitioner,

however, may not challenge in federal proceedings the correctness of the state court's ruling that the

petitioner violated the state procedural rule. Whether the state court properly interpreted and applied its procedural rule is solely a state law issue to be decided by the state court. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). The state procedural rules–ORAP 21A(8) and ORS 138.580 were sufficiently clear at the time of the default to have put petitioner on notice of what was required in his pleadings. Bargas v. Burns, 179 F.3d 1207, 1212 (9th Cir.1999). Accordingly, I find that petitioner's claims in section 7 of his amended petition are procedurally defaulted.

## III.    Section 10 Claims Not Cognizable on Federal Habeas Review

In section 10 of his amended petition, petitioner asserts that his Fourteenth Amendment due process rights were violated because he was deprived of a "full and adequate collateral review of the lawfulness of his convictions" when the state post-conviction court struck portions of his amended post-conviction petition. (#18 at 8). This claim is not cognizable in federal habeas review. It is well settled that claims attacking a procedural decision made by the post-conviction court are not cognizable in federal habeas proceedings. Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Poland, 169 F.3d at 584.

## IV.    Avoidance of Procedural Default on Trial Court Error Claims in Section 5

Petitioner urges that this court reserve ruling on his trial court error claims until after briefing on his ineffective assistance of counsel claims is completed so that he can demonstrate cause and prejudice for failure to exhaust his these claims. As noted above, respondent agrees that this court should reserve ruling on claims 5(l) and (u). Once a petitioner has procedurally defaulted on a claim, he may escape the consequences of the default by showing either cause and actual prejudice, or a miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Before an ineffective assistance of appellate counsel claim can constitute "cause" to excuse the procedural default of

Page 25 - AMENDED FINDINGS AND RECOMMENDATION

another claim, the petitioner must first have fairly presented the ineffective assistance claim to the state's highest court as an independent claim. Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) ("ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); Murray v. Carrier, 477 U.S.478,489-90 (1986) ("[T]he exhaustion doctrine ... generally requires that a claim of ineffective assistance [of counsel] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (same). As noted above, petitioner's ineffective assistance of counsel claims relating to his trial court error claims–with the exception of claims 5(l) and (u) are either procedurally deficient or defaulted. Thus, he cannot show that his trial counsel's ineffectiveness constitutes sufficient cause to excuse the procedural default of these claims. I recommend that this court dismiss the claims in section 5, with the exception of claims 5(l) and (u).

## Conclusion

For the reasons stated above, I find that petitioner has not exhausted his claims in section 5 (with the exception of claims 5(l) and (u)); section 6(b), (d), (e), (f), (g), (h), (i),(j), (l), and (n)and section 8 of his amended habeas petition. I find that the claim stated in section 10 of petitioner's amended habeas petition is not cognizable on federal habeas review.

I recommend that this court grant respondent's motion to dismiss (#90) in part and dismiss the claims in section 5 (with the exception of claims 5(l) and (u)) section 6(b), (d), (e), (f), (g), (h), (i),(j), (l), and (n) and section 8 of his amended habeas petition. I recommend that this court reserve ruling on claims 5(l) and (u) until the parties have fully briefed the related ineffective assistance of counsel claims.

Page 26 - AMENDED FINDINGS AND RECOMMENDATION

The above Findings and Recommendation will be referred to a United States District Judge

for review. Objections, if any, are due no later than fourteen days after the date this order is filed.

The parties are advised that the failure to file objections within the specified time may waive the

right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no

objections are filed, review of the Findings and Recommendation will go under advisement on that

date. If objections are filed, any party may file a response within fourteen days after the date the

objections are filed. Review of the Findings and Recommendation will go under advisement when

the response is due or filed, whichever date is earlier.

DATED this $\underset{\cdot}{29}$ day of December 2011.

THOMAS M. COFFIN
United States Magistrate Judge