IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MICHAEL BRAY,

    Petitioner,

v.

BRIAN BELLEQUE,

    Respondent.

Civ. No. 6:03-cv-1762-TC

OPINION AND ORDER

Todd H. Grover
Ward Grover, LLP
233 S.W. Wilson Ave., Suite 204
Bend, OR 97702
    Attorney for petitioner

Jaqueline Kamins
Assistant Attorney General
Kristen E. Boyd
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
    Attorneys for Respondent

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Petitioner John Bray brings an Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 29, 2011 United States Magistrate Judge Coffin issued his Findings and Recommendation and recommended that certain claims in the petition be dismissed. The matter is now before me. See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must review that portion of the report de novo. 28 U.S.C. § 636(b)(1)(C). Both petitioner and respondent filed timely objections to the Findings and Recommendation. I have therefore given de novo review of Magistrate Judge Coffin's rulings. For the reasons given below, I adopt all of Judge Coffin's recommendations to dismiss. However, I depart from the Findings and Recommendation in Part II(B), and instead find petitioner's prosecutorial misconduct claims in section 9 of his Amended Petition unexhausted and procedurally defaulted, and accordingly dismiss those claims in his petition.

## I.  BACKGROUND

The facts underlying petitioner's conviction are detailed in Magistrate Judge Coffin's Findings and Recommendation, and the court will not repeat them here. Briefly, in 1994 petitioner was found guilty of two counts of murder, two counts of aggravated murder, and three counts of kidnapping in the first degree.

2 - OPINION AND ORDER

Petitioner was sentenced to 110 months for the kidnapping convictions and life in prison without the possibility of parole on the aggravated murder conviction. Petitioner directly appealed his conviction to the Oregon Court of Appeals and subsequently to the Oregon Supreme Court. The Oregon Court of Appeals affirmed the conviction without opinion, and the Oregon Supreme Court denied review. Petitioner was represented by counsel throughout the direct appeal process.

Petitioner then filed a pro-se petition for post-conviction relief (PCR) in the Marion County Circuit Court. Petitioner subsequently retained counsel who filed a First Amended PCR Petition. The Marion County Circuit Court struck all of petitioner's claims except his ineffective assistance of trial counsel claims, which the PCR court later denied in a letter ruling after trial to the court. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

## II. DISCUSSION

In his Findings and Recommendation, Magistrate Judge Coffin found several of petitioner's claims unexhausted or procedurally defaulted, including claims asserted in sections 7, 8, 9, and 10 and portions of sections 5 and 6 of his federal habeas petition.[1] Petitioner specifically objects to Judge Coffin's findings that

---

[1] Neither party objected to the Findings and Recommendation that sections 8 and 10 be dismissed.

3 - OPINION AND ORDER

most of petitioner's trial court error claims (section 5) and his ineffective assistance of trial counsel claims (section 6) were defaulted. Petitioner next objects to Judge Coffin's findings that his ineffective assistance of appellate counsel (section 7) claims were procedurally defaulted.

Respondent objects to the findings that petitioner's prosecutorial misconduct claims (section 9) are not procedurally defaulted.

## A. Trial Court Error Claims (Section 5)

Petitioner first raised his trial court error claims in his brief to the Oregon appellate courts on direct appeal. In those proceedings, petitioner and his counsel submitted bifurcated briefs pursuant to State v. Balfour, whereby petitioner drafted the legal argument section of both briefs. 311 Or. 434, 451-52 (1990). After his trial court error claims were denied on direct appeal, petitioner again raised these claims during state PCR proceedings. Though petitioner initially proceeded pro se during the PCR process, he subsequently obtained counsel, who filed an amended PCR petition. During PCR trial court proceedings, the PCR court struck petitioner's trial court error claims pursuant to a motion by the State of Oregon. Petitioner did not appeal this ruling to the Oregon appellate courts.

In this proceeding, respondent moved to dismiss the trial court error claims contained in section 5, arguing that petitioner did not exhaust these claims. In the Findings and

4 - OPINION AND ORDER

Recommendation, Magistrate Judge Coffin found that petitioner failed to exhaust certain trial court error claims, and they were thus not fairly presented to the state courts.

1.  Exhaustion

Petitioner objects to the Findings and Recommendation, arguing that during his direct appeal, he adequately alerted the state courts to the federal nature of the trial court error claims now contained in subsections 5 (d), (m), (n), (o), (p), (q), (r), (s), (t), (u), and (v) of his habeas petition.

An application for a writ of habeas corpus will not be granted unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires that a petitioner "fairly present" federal claims to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995). To "fairly present" a federal claim, the petitioner must alert the state court that the petitioner's claim relies on the federal Constitution. Id. 365-66. Thus, a petitioner must include reference to a particular federal constitutional guarantee and specific facts supporting that claim. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). General reference to broad constitutional principles, such as the right to a fair trial, is insufficient to satisfy the exhaustion requirement. See Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin, 189 F.3d at 888. Similarly, the exhaustion requirement is not satisfied even where the constitutional ramifications are "self-

5 - OPINION AND ORDER

evident." <u>Gatlin</u>, 189 F.3d at 888. Although a pro se petitioner is given more lenience for purposes of exhaustion, a pro se petitioner must still specify the federal constitutional provision on which he relies in the state court. <u>Fields v. Waddington</u>, 401 F.3d 1018, 1021 (9th Cir. 2005). Therefore, even pro se litigants must do more than "mention, in passing [] a broad constitutional concept." <u>Id.</u>

Here, petitioner failed to exhaust his trial court error claims. Petitioner's <u>Balfour</u> briefs to the state courts contained detailed factual descriptions of the alleged trial court errors but made only general reference to constitutional guarantees. <u>See</u> Resp't Ex. 103. By petitioner's own admission, the arguments were presented to the Oregon appellate courts in "laymen's terms." Petitioner now makes much of the fact that he essentially proceeded pro se when drafting his <u>Balfour</u> briefs to the Oregon appellate courts, and this court should therefore view his briefs with leniency. However, even where a petitioner proceeds pro se, vague references to broad constitutional principles are insufficient to alert the state courts to the petitioner's federal constitutional claim. <u>Fields</u>, 401 F.3d at 1021.

Thus, petitioner's failure to include references to particular federal constitutional guarantees rendered his briefs insufficient to alert the state courts to the federal nature of his claims. Petitioner has not exhausted available state

6 - OPINION AND ORDER

remedies, precluding federal review of his trial court error claims in subsections 5 (d), (m), (n), (o), (p), (q), (r), (s), (t), and (v) of petitioner's amended habeas petition.[2]

2. Futility

Petitioner next argues that he should be excused from exhausting the trial court error claims that were dismissed by the PCR court, because any challenge to the ruling on appeal would have been futile.

To excuse exhaustion, a petitioner must show either "an absence of available State corrective process" or that "such process [is] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The Ninth Circuit has excused the exhaustion requirement where resort to state remedies would have been futile. Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir. 1981). In Sweet, the Ninth Circuit defined the futility doctrine as excusing exhaustion of state remedies where the "highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of ...any [] indication that the state court intends to depart from its prior decisions." Id. However, the United States Supreme Court has repeatedly criticized and rejected the futility doctrine. Bousley v. United States, 523 U.S. 614 (1998); Engle v. Isaac,

---

[2]Per Judge Coffin's Findings and Recommendation, a ruling on claims 5(l) and (u) is reserved until the parties have fully briefed the related ineffective assistance of trial counsel claims contained in subsections 6(a) and (k).

7 - OPINION AND ORDER

456 U.S. 107 (1982). Petitioner points to Lynce v. Mathis, a 1997 United States Supreme Court decision, as indicating that the futility doctrine remains viable. 519 U.S. 433. However, just one year after Lynce, the United States Supreme Court again criticized the futility doctrine stating, "futility cannot constitute cause [to excuse exhaustion] if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Bousley, 523 U.S. at 623 (quoting Engle, 456 U.S. at 130).

   Regardless of whether the futility doctrine remains viable, the facts alleged here do not amount to futility. Here, the state PCR court dismissed the petitioner's trial court error claims and his prosecutorial misconduct claims on the grounds the claims were not cognizable under the procedural rule announced in Palmer v. Oregon (Palmer II), 318 Or. 352, 356 (1994). By petitioner's own admission, he did not challenge the PCR court's application of Palmer II to his trial court error claims, though he did appeal the PCR court's application of Palmer II to his prosecutorial misconduct claims. Petitioner's own actions undermine his futility argument. If challenging the state PCR court's ruling were truly futile, petitioner would have appealed neither his trial court error claims nor his prosecutorial misconduct claims. Instead, petitioner raised only one on appeal - indicating exhaustion was not futile.

8 - OPINION AND ORDER

Therefore, I find that petitioner did not exhaust his trial court error claims contained in subsections 5(a), (b), (c), (d), (e), (f), (k), (r), (s), (t), (v), (w) and (x), and he is accordingly precluded from presenting these claims to the federal courts.

B.  Ineffective Assistance of Trial Counsel (Section 6)

Petitioner next objects to the finding that he failed to exhaust his ineffective assistance of trial counsel claims. Petitioner first raised his ineffective assistance of trial counsel claims during the PCR proceeding. After the PCR court denied petitioner relief on these grounds, petitioner failed to challenge this ruling on appeal to the Oregon appellate courts. Petitioner concedes that he did not exhaust ten of his ineffective assistance of trial counsel claims - subsections 6(b), (d), (e), (f), (g), (h), (i), (j), (l), and (n) - in state PCR proceedings.  However, petitioner argues that his failure to exhaust was due to the ineffective assistance of post-conviction appellate counsel. Petitioner had requested that this court defer judgment on this matter until the United States Supreme Court's decision in Martinez v. Ryan, 2011 WL 380903 (2011), which was issued on March 20, 2012.

The Supreme Court's decision in Martinez does not assist petitioner.  The issue in Martinez was "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a

9 - OPINION AND ORDER

procedural default in a federal habeas proceeding." <u>Martinez v. Ryan</u>, No. 10-1001, 2012 WL 912950 at *5 (U.S. Mar. 20, 2012). In <u>Martinez</u>, the petitioner failed to raise the ineffective assistance of trial counsel claims during the initial-review collateral proceeding, i.e. the trial stage of the proceeding.

Here, petitioner raised his ineffective assistance of trial counsel claims during the initial-review PCR proceeding as set forth in his amended PCR petition filed by counsel. Petitioner's failure to exhaust stems not from the initial-review collateral proceeding but from his failure to appeal the PCR court's denial of those claims to the Oregon appellate courts. Further, the Supreme Court specifically stated:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

Id. at *10 (citations omitted). Thus, <u>Martinez</u> has no bearing on petitioner's claims. Petitioner's ineffective assistance of trial counsel claims contained in subsections 6(b), (d), (e), (f), (g), (h), (i), (j), (l), and (n) are accordingly dismissed.

10 - OPINION AND ORDER

## C. Ineffective Assistance of Appellate Counsel (Section 7)

Petitioner first raised his ineffective assistance of appellate counsel claim in his amended PCR petition. The State of Oregon moved to strike these claims, and the PCR court granted the motion. Petitioner challenged this decision on appeal to the Oregon appellate courts, both of which denied petitioner relief. Thus, the merits of this claim were never presented to the Oregon appellate courts.

Petitioner now objects to Magistrate Judge Coffin's finding that petitioner procedurally defaulted his ineffective assistance of appellate counsel claims. Petitioner argues that the PCR trial court's decision to strike his ineffective assistance of appellate counsel claims did not rest on an independent and adequate rule of state law. Therefore, petitioner argues, the independent and adequate state law doctrine cannot now bar federal review of his habeas petition.

For a federal court to grant a state prisoner's writ of habeas corpus, the petitioner must exhaust available state court remedies. 28 U.S.C. § 2254. A state prisoner who fails to comply with a state's procedural requirements for presenting his federal claims has "deprived the state courts of an opportunity to address those claims," though the petitioner has technically exhausted his state remedies. Coleman v. Thompson, 501 U.S. 722, 732 (1991). That is,

11 - OPINION AND ORDER

where a state court bars a claim based on state law that is both independent from federal law and adequate to support the judgment, the doctrine applies to bar federal review of the habeas petition. Id. at 729-30. The independent and adequate state law doctrine prevents petitioners from bypassing the state court system and subsequently presenting procedurally defaulted claims to the federal courts. Id. at 722. To constitute "independent" state ground the PCR court's decision must rest on a state law that is separate and distinct from federal law. Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996). To constitute "adequate," a state procedural rule "must be clear, consistently applied, and well-established at the time of petitioner's purported default." Bargas v. Burns, 179 F.3d 1207, 1211 (9th Cir. 1999). To determine whether a procedural default bars federal consideration of a claim, federal courts look to the "last reasoned opinion on the claim." Lambright v. Stewart, 241 F.3d 1201, 1205 (9th Cir. 2001). The burden is on the state to demonstrate that the state procedural bar was clear, consistently applied, and well-established. Insyxiengmay v. Morgan, 403 F.3d 657, 666 (9th Cir. 2005).

Petitioner asserts that the PCR court's order striking his claims failed to indicate upon which of the state's arguments the court's reasoning rested, and therefore the state court order did not rest on independent and adequate

12 - OPINION AND ORDER

state grounds. However, in striking the ineffective assistance of appellate counsel claims, the state PCR court relied on either ORCP 21A(8) or ORS 138.580. See Resp't Ex. 132 (Excerpt of Record at 5, 18). Both rules were independent from federal law, well-established when petitioner defaulted, and sufficiently clear to put petitioner on notice of the pleading requirements. Additionally, these rules were presumably consistently applied in PCR proceedings. See Mueller v. Benning, 314 Or. 615, 621 n. 6 (1992) (Oregon law clearly indicated that the Oregon Rules of Civil Procedure applied in PCR proceedings). Therefore, ORCP 21A(8) or ORS 138.580 constituted independent and adequate state law grounds for dismissing the petitioner's claim, barring federal review of his claim.

Petitioner next argues that the PCR court improperly applied ORS 138.580 in holding his amended PCR petition insufficiently pled and striking his claims. However, in federal proceedings, a petitioner may not challenge the correctness of a state court ruling regarding application of a state procedural rule. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). This court lacks authority to judge the adequacy of a state court ruling beyond a determination that the state court ruling was based on independent and adequate state law grounds. Id. The availability of other,

13 - OPINION AND ORDER

less drastic remedies to the PCR court is therefore irrelevant.

Accordingly, I find all of petitioner's ineffective assistance of appellate counsel claims contained in section 7 of his amended habeas petition procedurally defaulted.

D. <u>Prosecutorial Misconduct Claims (Section 9)</u>

Petitioner first raised his prosecutorial misconduct claims in his amended PCR petition. The PCR court granted the state's motion to strike petitioner's prosecutorial misconduct claims from his amended PCR petition. In his Amended Findings and Recommendation, Magistrate Judge Coffin found that the petitioner's prosecutorial misconduct claims were not procedurally defaulted because the PCR court applied a state law that was not sufficiently independent and adequate to bar federal habeas review. Findings & Recommendation at 23. Regardless, I find that petitioner failed to exhaust available state remedies, precluding federal review of petitioner's prosecutorial misconduct claims.

For a federal court to grant review of a writ of habeas corpus, the petitioner must exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner can either fully and fairly present each federal claim to a state's highest

14 - OPINION AND ORDER

court or show there is no state remedy available. Insyxiengmay, 403 F.3d at 668.

However, to "fairly present" a federal claim to the state court, the petitioner must alert the state court that the petitioner's claim relies on the federal Constitution. Duncan, 513 U.S. at 365-66. Thus, when presenting a federal claim to the state courts, a petitioner must include reference to a particular federal constitutional guarantee and specific facts supporting that claim. Gatlin, 189 F.3d at 888.

Here, petitioner argues that the state PCR trial court's order striking his prosecutorial misconduct claims constituted a denial of an opportunity to fully and fairly present his claims to the state courts, rendering the state process ineffective to protect his rights. Notwithstanding the exhaustion requirement, federal review may be permissible where there is either an "absence of State corrective process" or a showing that "such process [is] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Petitioner asserts that he has sufficiently established one of the exceptions to the state exhaustion requirement, and federal review of his petition is accordingly permitted.

However, petitioner failed to adequately present any federal claims to the PCR court. Specifically, petitioner's

15 - OPINION AND ORDER

prosecutorial misconduct claims in his first amended PCR petition failed to specify any federal constitutional grounds for relief. Petitioner instead relied solely upon state law grounds. Thus, petitioner would have been barred from raising a federal claim on appeal, ORS 138.550, and he did not give the state PCR court the opportunity to address his claims, which constitutes a failure to exhaust.

Petitioner nonetheless argues that in striking his prosecutorial misconduct claims from his first amended PCR petition, the PCR court prevented him from fully briefing the merits of his claim, suggesting that he would have raised the federal nature of his claims.

Petitioner's argument is flawed. Petitioner had the opportunity to fully and fairly present his prosecutorial misconduct claims to the PCR court in his initial amended petition. The PCR court's subsequent dismissal of petitioner's claims cannot forgive his initial failure to apprise the PCR court of the federal nature of his claims. Petitioner's failure to exhaust his state remedies now precludes him from presenting these claims to the federal courts for review.

Accordingly, I find all of petitioner's prosecutorial misconduct claims found in section 9 of petitioner's Amended Petition unexhausted and barred from federal review.

16 - OPINION AND ORDER

CONCLUSION

For the reasons set forth, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation filed December 29, 2011 is ADOPTED, in part. Petitioner's claims contained in subsections 5(a), (b), (c), (d), (e), (f), (k) (m), (n), (o), (p), (q), (r), (s), (t), (v), (w) and (x); subsections 6(b), (d), (e), (f), (g), (h), (i), (j), (l), and (n); and all of sections 7, 8, 9, and 10 of Petitioner's Amended Petition for Relief under 28 U.S.C. § 2254 (doc. 18) are DISMISSED.

IT IS SO ORDERED.

Dated this 19th day of April, 2012.

                                          Ann Aiken
                            United States District Judge