IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MICHAEL BRAY,                          Civ. No. 6:03-cv-1762-TC

    Petitioner,                                              ORDER

  v.

BRIAN BELLEQUE,

    Respondent.

AIKEN, Chief Judge:

    Petitioner John Bray brings an Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 19, 2013, United States Magistrate Judge Coffin issued his Findings and Recommendation and recommended that petitioner's remaining claims be dismissed. The matter is now before me. See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

    When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must review that portion of the report de novo. 28 U.S.C. § 636(b)(1)(C).

1 - ORDER

Petitioner filed timely objections to the Findings and Recommendation. I have given de novo review of Magistrate Judge Coffin's rulings, and I adopt the Findings and Recommendation.

I agree that the state court's decisions regarding petitioner's ineffective assistance of counsel claims are entitled to deference, and that procedural default bars petitioner's due process claims. <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2003) (per curiam); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999). Essentially, petitioner argues that the state court's decisions were incorrect, and that petitioner's trial counsel was ineffective during the guilt and sentencing phases of his trial. However, a state court's decision is entitled no deference only when it is "objectively unreasonable." <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21 (2003) ("In order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been "objectively unreasonable.'") (citation omitted). Here, I agree with Magistrate Judge Coffin's thorough analysis and his conclusion that the evidence does not establish deficiency of counsel's performance or resulting prejudice so as to render the state court's decisions unreasonable.

Accordingly, Magistrate Judge Coffin's Findings and Recommendation (doc. 142) are ADOPTED. Petitioner's Claims for Relief are DENIED and the Amended Petition for Relief under 28

2 - ORDER

U.S.C. § 2254 (doc. 18) is DISMISSED. Should petitioner appeal, a certificate of appeal is granted as to his ineffective assistance of counsel claims. <u>See</u> 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 18 day of December, 2013.

                                            Ann Aiken
                                  United States District Judge

3 - ORDER